**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DERRICK OFORI,** <br> **Petitioner,** <br> **v.** <br> **ANTONE MONIZ, et al.,** <br> **Respondents.** | ) | **Civil Action No. 26-14552-FDS** |

**MEMORANDUM AND ORDER ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Derrick Ofori is a national of Ghana who entered the United States on a student visa in 2022, a visa that has since expired. On September 22, 2026, he was taken into immigration custody. He contends that his arrest and detention violate his First, Fourth, and Fifth Amendment rights, and he seeks his immediate release or a bond hearing.

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; David Wesling, Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, U.S. Secretary of Homeland Security; and Todd Blanche, U.S. Attorney General, as respondents. It alleges that petitioner is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. (Pet. for Writ of Habeas Corpus ¶ 15, Dkt. No. 1).

The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). David Venturella, Markwayne Mullin, and Todd Blanche are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

## I. **Background**

Derrick Ofori is a national of Ghana. (Pet. for Writ of Habeas Corpus ["Pet."] ¶ 1, Dkt. No. 1). In approximately September 2022, he lawfully entered the United States on a student visa. (Form I-213 at 3, Dkt. No. 6-4). When he later failed to enroll at his college, his visa was terminated. (*Id.*). He filed an asylum application, which remains pending, and an application for Special Immigrant Juvenile Status, which was approved. (*Id.*; Pet. ¶¶ 1-3). He lives and works, with an employment authorization, in Maine. (Pet. ¶ 2).

On September 22, 2026, Ofori was arrested in Maine by ICE in a targeted operation. (*Id.* ¶ 5; Form I-213 at 2). ICE had issued a warrant for his arrest on September 9, 2026. (Form I-200 at 1, Dkt. No. 6-3). It served him with a notice to appear on October 2, 2026. (Form I-862 at 1, Dkt. No. 6-1). He is presently detained at the Plymouth County Correctional Facility in Massachusetts.

On October 7, 2026, Ofori filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contends that his detention without pre-detention notice and a hearing violated the Fifth Amendment; that his arrest violated the Fourth Amendment; that his detention impedes his access to counsel and thus violates the First Amendment; and that his detention and transfer out of Maine violate applicable law and regulations. He seeks his immediate release or an individualized bond hearing.

On October 17, 2026, respondents timely answered the petition. (Resps.' Resp. to Pet.'s Habeas Pet. ["Resp."], Dkt. No. 6). Respondents "do not contest that [Ofori] is eligible for a bond hearing [under] 8 U.S.C. § 1226(a)." (*Id.*). They oppose immediate release, however, contending that his present detention is lawful and that none of his claims merit release. (*Id.*). Respondents submitted documentary evidence showing, among other things, that a warrant issued more than a week before his arrest and that, shortly after his arrest, a deportation officer

made an initial custody determination that he should be detained. (Form I-200; Form I-286, Dkt. No. 6-2). Ofori filed a reply, as authorized by the Court. (Pet.'s Reply Br. ISO Pet. for Writ of Habeas Corpus ["Reply"], Dkt. No. 10; Pet.'s Supp. Reply Br., Dkt. No. 11-1).

## II. **Discussion**

Respondents concede that petitioner is entitled to a bond hearing and contend that his present detention is authorized by § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition insofar as it seeks release conditioned on respondents' failure to provide him a constitutionally adequate bond hearing within seven days. That remedy adequately protects his due-process rights. (Pet. ¶¶ 66-71).

To the extent the petition seeks immediate release, however, the Court will deny this request without prejudice. Ofori alleges that his arrest was warrantless and violated the Fourth Amendment. (Pet. ¶ 73). He has not shown that his arrest was warrantless; indeed, the record indicates ICE issued an arrest warrant more than a week before his arrest. In any event, he has not shown that immediate release in habeas is a proper remedy for an alleged Fourth Amendment violation. *Cf. Sapatanga Dumaguala v. Wesling*, No. 26-cv-13927-LTS, 2026 WL 2836690, at

*3 (D. Mass. Sep. 22, 2026) (concluding release in habeas not appropriate relief for noncitizen arrested without a warrant and detained pursuant to 8 U.S.C. § 1231). Ofori's reply brief contends that the sequence in which the notice to appear and arrest warrant were issued violated applicable regulations (Reply at 9-11), but he has not shown those regulations were "promulgated to protect a fundamental right," such as the procedural due-process right, such that their violation merits immediate release. *See Modolo v. Wesling*, No. 26-cv-14411-FDS, 2026 WL 3168663, at *4 (D. Mass. Oct. 22, 2026) (citation modified); *see also Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) ("To be sure, not every procedural misstep raises a constitutional issue."). Finally, petitioner asserts various claims challenging his "out-of-state transfer." (Pet. ¶¶ 76, 78, 80-83). To the extent he seeks an indefinite bar on his transfer out of Massachusetts, such a request is beyond the scope of habeas relief. *See, e.g.*, *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 182 (D. Mass. 2025).

## III. Conclusion and Order

For the foregoing reasons, and to the extent described in this Order, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing, governed by the applicable legal standards, no later than November 16, 2026. Respondents shall file a status report concerning their compliance with this Order on or before November 20, 2026. The claims against David Venturella, Markwayne Mullin, and Todd Blanche are DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 9, 2026